1   RODGER R. COLE (CSB NO. 178865)
    rcole@fenwick.com
2   SONGMEE L. CONNOLLY (CSB NO. 228555)
    sconnolly@fenwick.com
3   LESLIE KRAMER (CSB NO. 253313)
    lkramer@fenwick.com
4   FENWICK & WEST LLP
    Silicon Valley Center
5   801 California Street
    Mountain View, CA  94041
6   Telephone: (650) 988-8500
    Facsimile:  (650) 938-5200
7
    Attorneys for Defendant
8   TWITTER, INC.

9

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                          SAN FRANCISCO

13

14   ANTHONY LA RUSSA,                    Case No.

15              Plaintiff,

16       v.                               **NOTICE OF REMOVAL OF CIVIL
                                          ACTION**
17   TWITTER, INC., a Delaware corporation,
     and DOES 1-25, inclusive,            Removed from the Superior Court of the State
18                                        of California for the County of San Francisco,
                Defendant.                Case No. CGC-09-488101
19

20

21

22                          **NOTICE OF REMOVAL**

23   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
     NORTHERN DISTRICT OF CALIFORNIA:**
24
             PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant
25
     Twitter, Inc. hereby removes the above-entitled action from the Superior Court of the State of
26
     California, County of San Francisco, to the United States District Court for the Northern District
27
     of California, San Francisco or Oakland Division, and states as follows:
28

NOTICE OF REMOVAL

1.       On May 6, 2009, plaintiff Anthony La Russa filed an action entitled *La Russa v. Twitter, Inc. and Does 1-25*, Case No. CGC-09-488101, in the Superior Court of California, County of San Francisco.

2.       Twitter first received a copy of Plaintiff's complaint on May 6, 2009, when it was served with a copy of the complaint along with a Summons, Civil Case Cover Sheet, and Notice to Plaintiff.  Complete copies of the complaint and associated papers are attached as **Exhibit A**. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty days of receipt by Twitter, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

3.       **JURISDICTION:**  Pursuant to Civil Local Rule 3-5(a), this Court has jurisdiction over this action for the following reasons:

a.       the First Cause of Action entitled "Trademark Infringement" is a cause of action arising under Section 32 of the federal Lanham Act, 15 U.S.C. § 1114 (*see* Complaint ¶ 9);

b.       the Second Cause of Action entitled "False Designation of Origin" is a cause of action arising under Section 43(a) of the federal Lanham Act, 15 U.S.C. § 1125 (*see* Complaint ¶ 12);

c.       the Third Cause of Action entitled "Trademark Dilution" is a cause of action arising under Section 43(c) of the federal Lanham Act, 15 U.S.C. § 1125 (*see* Complaint at ¶ 16); and

d.       the Fourth Cause of Action entitled "Cybersquatting" is a cause of action arising under the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (*see* Complaint ¶ 20).

This action is therefore a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(a),(b).  The Court has jurisdiction over the remaining claims alleged by Plaintiff pursuant to 28 U.S.C. §§ 1367(a), 1441(c).

4.       **INTRADISTRICT ASSIGNMENT:**  Pursuant to Civil Local Rule 3-5(b), assignment of this action to the San Francisco or Oakland Division of this Court is proper

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

2

1   because, under Civil Local Rules 3-2(c) and (d), this action arises in the county of San Francisco:

2   (a) Plaintiff originally filed this action in San Francisco County Superior Court; (b) Twitter's

3   corporate headquarters and principal place of business is located in the city of San Francisco,

4   California, in San Francisco County; and (c) a substantial part of the events or omissions which

5   give rise to the claim occurred in San Francisco County.

6         5.     At present, Twitter is the only defendant named and served with summons and

7   complaint in this action; none of the alleged "Doe" defendants have been named or served.

8         6.     Twitter has complied with all conditions precedent to removal.

9         7.     Promptly upon filing this Notice of Removal with this Court, Twitter shall provide

10   written notice to plaintiff (through his counsel) and to the San Francisco County Superior Court,

11   as required under 28 U.S.C. § 1446(d).  A copy of said notice is attached as **Exhibit B**.

12         WHEREFORE, this action is properly removed to this Court pursuant to 28 U.S.C. §§

13   1331, 1338 and 1441.

14

Dated: June 5, 2009                  FENWICK & WEST LLP

15

16

17                              By: _____

18                                   Rodger R. Cole

19                    Attorneys for Defendant
                             TWITTER, INC.

20

21   25980/00401/LIT/1301182.1

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

NOTICE OF REMOVAL

**EXHIBIT A**

1   GREGORY L. MCCOY, CSB #063399
    GAGEN, McCOY, McMAHON, KOSS,
2   MARKOWITZ & RAINES
    279 Front Street
3   P.O. Box 218
    Danville, CA  94526
4   Telephone: (925) 837-0585
    Facsimile: (925) 838-5985
5
    Attorneys for Plaintiff
6   ANTHONY LA RUSSA

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 6 - 2009

GORDON PARK-LI, Clerk
BY:   CRISTINA BAUTISTA
                    Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

OCT 9 - 2009 -9⁰⁰ AM

DEPARTMENT 212

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE CITY AND COUNTY OF SAN FRANCISCO

10

11  ANTHONY LA RUSSA,                    No. CGC-09.488101

12            Plaintiff,                 COMPLAINT FOR TRADEMARK
                                         INFRINGEMENT, FALSE
13       vs.                             DESIGNATION OF ORIGIN,
                                         TRADEMARK DILUTION,
14  TWITTER, INC., a Delaware corporation, and   CYBERSQUATTING,
    DOES 1-25, inclusive,                MISAPPROPRIATION OF NAME,
15                                       AND MISAPPROPRIATION OF
            Defendants.                  LIKENESS
16

17

18  _____/

19       Plaintiff alleges:   .

20                      FIRST CAUSE OF ACTION

21                      (Trademark Infringement)

22       1.    Defendant TWITTER, INC. ("TWITTER") is a Delaware corporation with

23  its principal place of business in San Francisco, California.

24       2.    Plaintiff ANTHONY LA RUSSA ("LA RUSSA") is an individual residing

25  in Alamo, California.

26       3.    The true names and capacities, whether individual, corporate, associate, or

27  otherwise of Defendants DOES 1-25, inclusive, are unknown to Plaintiff at this time, and

28  Plaintiff therefore sues these Defendants under such fictitious names.   When the true

Law Offices of
GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& RAINES
A Professional
Corporation
279 Front Street
Danville, CA
94526
(925) 837-0585

                                    - 1 -
                      COMPLAINT FOR DAMAGES

F:\CLGLM\26302\Twitter\Complaint.coc

1   names, capacities, and activities of these Defendants are ascertained, Plaintiff will amend

2   this Complaint according.y.  Plaintiff is informed and believes and thereon alleges that

3   each of the Defendants designated herein as a DOE is responsible in some manner for the

4   events and happenings referred to herein, and that Plaintiff's damages as alleged herein

5   were proximately caused by such Defendants.

6          4.      Plaintiff is informed and believes and thereon alleges that at all times herein

7   mentioned, each of the Defendants, including the DOE Defendants, were acting as

8   agents, servants, and/or employees of each of the remaining Defendants, and in doing the

9   things hereinafter alleged were acting within the course and scope of such agency and/or

10  employment and with the permission and consent of the other Defendants.  Plaintiff is

11  further informed and believes and thereon alleges that each of the Defendants acted with

12  full knowledge and advice of the other Defendants, and expressly and impliedly ratified

13  the acts of each of the other Defendants in all respects and adopted as his/her/its acts the

14  acts of such Defendants, and each of them.

15         5.      Plaintiff LA RUSSA is a well-known manager for Major League Baseball

16  ("MLB").  He has managed teams in the MLB for 30 years, and currently manages the St.

17  Louis Cardinals.  He ranks third all-time among MLB managers for both games managed

18  and games won.  He has been the subject of several books and has lent his name to a

19  series of successful computer and video games entitled "Tony La Russa Baseball".  In

20  addition to his athletic achievements, Plaintiff founded Tony La Russa's Animal Rescue

21  Foundation ("ARF"), headquartered in Walnut Creek, California, which saves abandoned

22  and injured animals and arranges for them to be adopted and to visit hospital patients,

23  elders, and abused children.

24         6.      Plaintiff LA RUSSA'S name and image have garnered fame, significance

25  and distinction worldwide for both his athletic and philanthropic achievements.  He

26  maintains the domain names tonylarussa.com, tonylarussa.org, and tonylarussa.net.  Each

27  domain directs you to the website for ARF (www.arf.net).

28

Law Offices of
GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& RAINES
A Professional
Corporation
279 Front Street
Danville, CA
94526
(925) 837-0585

- 2 -
COMPLAINT FOR DAMAGES

F:\CLGLM\26302\Twitter\Complaint.doc

7.      Defendant owns the registered domain name twitter.com, and pursuant thereto, twitter.com/TonyLaRussa ("the Site").   The Site contains an unauthorized photograph of Plaintiff and written statements impliedly written by Plaintiff himself, when in fact they are not. (See **Exhibit A**). The domain name of this Site, and Plaintiff's name used on the Site itself, are unauthorized uses of Plaintiff's trademark, his name.

8.      Defendant's use of Plaintiff's mark both in the Site's domain name and on the Site itself is misleading and likely to confuse users by leading them to believe that this Site is endorsed and authored by Plaintiff LA RUSSA.   The Site states in large lettering, "Tony LaRussa is using Twitter", and encourages users to "Join today to start receiving Tony LaRussa's updates." It also contains a picture of Plaintiff with his name printed next to it. Beneath the picture, the Site contains written entries that are impliedly written by Plaintiff himself, when in fact they are not.   The entries are derogatory and demeaning and are damaging to Plaintiff's trademark rights.

9.      Defendant's actions as described herein are in direct violation of both common law and Section 32 of the Lanham Act (15 U.S.C. § 1114).

10.     As a direct and proximate result of Defendant's actions as stated herein, Plaintiff has suffered significant emotional distress, damage to his reputation, and damage to the goodwill of his mark. Further, Plaintiff is entitled to exemplary damages as a result of Defendant's malicious actions as described above.

IN WITNESS WHEREOF, Plaintiff prays judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

(False Designation of Origin)

11.     Plaintiff incorporates and realleges at this point as though set forth in full each and every allegation contained in paragraphs 1-8.

12.     Defendant's actions as described herein are in direct violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125).

13.     As a direct and proximate result of Defendant's actions as stated herein, Plaintiff has suffered significant emotional distress, damage to his reputation, and

Law Offices of
GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& RAINES
A Professional
Corporation
279 Front Street
Danville, CA
94526
(925) 837-0585

- 3 -
COMPLAINT FOR DAMAGES

1  damage to the goodwill of his mark.  Further, Plaintiff is entitled to exemplary damages

2  as a result of Defendant's malicious actions as described above.

3  THIRD CAUSE OF ACTION

4  (Trademark Dilution)

5      14.    Plaintiff incorporates and realleges at this point as though set forth in full

6  each and every allegation contained in paragraphs 1-8.

7      15.    Defendant's use of Plaintiff's famous mark in commerce, which began after

8  Plaintiff's mark was already famous, creates a likelihood of dilution of the mark's

9  distinctive value by diminishing the capacity of the mark to identify and distinguish

10  Plaintiff's goods and services.

11      16.    Defendant's actions as described herein are in direct violation of Section

12  43(c) of the Lanham Act (15 U.S.C. 1125).

13      17.    As a direct and proximate result of Defendant's actions as stated herein,

14  Plaintiff has suffered significant emotional distress, damage to his reputation, and

15  damage to the goodwill of his mark.  Further, Plaintiff is entitled to exemplary damages

16  as a result of Defendant's malicious actions as described above.

17      IN WITNESS WHEREOF, Plaintiff prays judgment as hereinafter set forth.

18  FOURTH CAUSE OF ACTION

19  (Cybersquatting)

20      18.    Plaintiff incorporates and realleges at this point as though set forth in full

21  each and every allegation contained in paragraphs 1-8.

22      19.    Defendant's actions as stated herein, including its registration and use of

23  the domain name twitter.com/TonyLaRussa in an intentional attempt to divert the public

24  away from Plaintiff's authorized websites to Defendant's website, constitute a bad faith

25  intent to profit from and injure Plaintiff's mark, is intended to increase traffic to

26  Defendant's site, or were done with knowledge that injury to Plaintiff's mark was

27  substantially certain to occur.

28

Law Offices of
GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& RAINES
A Professional
Corporation
279 Front Street
Danville, CA
94526
(925) 837-0585

- 4 -
COMPLAINT FOR DAMAGES

F:\CLGLM\26302\Twitter\Complaint.doc

20.    Defendant's actions as stated herein are in direct violation of the Anticybersquatting Consumer Protection Act (15 U.S.C.A. 1125(d)).

21.    As a direct and proximate result of Defendant's actions as stated herein, Plaintiff has suffered significant emotional distress, damage to his reputation, and damage to the goodwill of his mark.  Further, Plaintiff is entitled to exemplary damages as a result of Defendant's malicious actions as described above.

IN WITNESS WHEREOF, Plaintiff prays judgment as hereinafter set forth.

### FIFTH CAUSE OF ACTION

(Misappropriation of Name)

22.    Plaintiff incorporates and realleges at this point as though set forth in full each and every allegation contained in paragraphs 1-8.

23.    Defendant's unauthorized use of Plaintiff's name in connection with the domain name, twitter.com/TonyLaRussa, resulted in a benefit to Defendant by attracting the consuming public to Defendant's site and by leading them to believe that Plaintiff was connected to, authored, and/or endorsed the Site.

24.    Plaintiff's privacy interests outweigh any potentially alleged public interest served by Defendant's unauthorized use of Plaintiff's name.

25.    As a direct and proximate result of Defendant's actions as stated herein, Plaintiff has suffered significant emotional distress, damage to his reputation, and damage to the goodwill of his mark.  Further, Plaintiff is entitled to injunctive relief and exemplary damages as a result of Defendant's malicious actions as described above.

IN WITNESS WHEREOF, Plaintiff prays judgment as hereinafter set forth.

### SIXTH CAUSE OF ACTION

(Misappropriation of Likeness)

26.    Plaintiff incorporates and realleges at this point as though set forth in full each and every allegation contained in paragraphs 1-8.

27.    Defendant's unauthorized use of Plaintiff's likeness in connection with the domain name, twitter.com/TonyLaRussa, resulted in a benefit to Defendant by leading

Law Offices of
GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& RAINES
A Professional
Corporation
279 Front Street
Danville, CA
94526
(925) 837-0585

- 5 -

1    the consuming public to believe that Plaintiff was connected to, authored, and/or

2    endorsed the Site.

3         28.    Plaintiff's privacy interests outweigh any potentially alleged public interest

4    served by Defendant's unauthorized use of Plaintiff's likeness.

5         29.    As a direct and proximate result of Defendant's actions as stated herein,

6    Plaintiff has suffered significant emotional distress, damage to his reputation, and

7    damage to the goodwill of his mark. Further, Plaintiff is entitled to exemplary damages

8    as a result of Defendant's malicious actions as described above.

9         IN WITNESS WHEREOF, Plaintiff prays judgment as hereinafter set forth.

10                    <u>SEVENTH CAUSE OF ACTION</u>

11                        (Invasion of Privacy)

12         30.    Plaintiff incorporates and realleges at this point as though set forth in full

13    each and every allegation contained in paragraphs 1-8.

14         31.    California Civil Code §3344(a) provides that anyone who knowingly uses

15    another's name, signature, photograph or likeness, in any manner, for the purpose of

16    advertising or selling or soliciting without such person's prior consent shall be liable for

17    any damages sustained.

18         32.    Defendant has made an unauthorized use of Plaintiff's name, signature,

19    photograph and likeness, in a manner to which he has not consented.

20         33.    As a direct and proximate result thereof, Plaintiff has suffered emotional

21    distress, damage to his reputation and general damages in the sum to be shown according

22    to proof.

23         34.    Pursuant to the provisions of California Civil Code §3344, Plaintiff is

24    entitled to an award of reasonable attorney's fees in connection with this action.

25         35.    Further pursuant to Civil Code §3344, Plaintiff is entitled to a recovery of

26    punitive damages.

27         IN WITNESS WHEREOF, Plaintiff prays judgment as hereinafter set forth.

28

Law Offices of
GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& RAINES
A Professional
Corporation
279 Front Street
Danville, CA
94526
(925) 837-0585

COMPLAINT FOR DAMAGES

F:\CLGLM\26302\Twitter\Complaint.doc

1

### EIGHTH CAUSE OF ACTION

2

(Intentional Misrepresentation)

3    36.    Plaintiff incorporates and realleges at this point as though set forth in full

4  each and every allegation contained in paragraphs 1-8.

5    37.    Defendant on its website from and after April 19, 2009, and continuing

6  until the present, has published the false and fraudulent representation that "Tony

7  LaRussa is using Twitter."

8    38.    The representing contained on Defendant's website is made to all members

9  of the public over the internet.

10    39.    The foregoing representation is false and fraudulent in that Plaintiff does

11  not have a webpage on Twitter, nor does Plaintiff use Twitter.

12    40.    As a direct and proximate result of Defendant's actions as stated herein,

13  Plaintiff has suffered significant emotional distress and damage to his reputation, all to

14  his general damage in a sum to be shown according to proof.

15    41.    Plaintiff is further entitled to an award of punitive and exemplary damages.

16    IN WITNESS WHEREOF, Plaintiff prays judgment as follows:

17    1.    For general damages for injury to Plaintiff's mark and resulting profit to

18  Defendant, in a sum to be shown according to proof.

19    2.    For general damages for mental anguish and emotional distress.

20    3.    For an order enjoining Defendant from further use of Plaintiff's mark and

21  assignment of the Site to Plaintiff.

22    4.    For an award of attorney's fees and costs.

23    5.    For exemplary damages.

24    6.    For all costs of suit incurred herein; and

25    7.    For such other and further relief as the Court deems just and proper.

26

27

28

Law Offices of
GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& RAINES
A Professional
Corporation
279 Front Street
Danville, CA
94526
(925) 837-0585

COMPLAINT FOR DAMAGES

F:\CLGLM\26302\Twitter\Complaint.doc

1  Dated: May 6, 2009

GAGEN, McCOY, McMAHON, KOSS,
2                                            MARKOWITZ & RAINES
                                             A Professional Corporation
3
                                             By:
4                                            GREGORY L. McCOY
                                             Attorneys for Plaintiff, ANTHONY LA
5                                            RUSSA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Law Offices of
GAGEN,
25   McCOY,
McMAHON,
KOSS,
26   MARKOWITZ
& RAINES
A Professional
27   Corporation
279 Front Street
Danville, CA
28   94526
(925) 837-0585

- 8 -
COMPLAINT FOR DAMAGES

F:\CLGLM\26302\Twitter\Complaint.doc

A

- Skip past navigation
- On a mobile phone? Check out m.twitter.com!
- Skip to navigation
- Skip to sign in form



- Login
- Join Twitter!

# Hey there! TonyLaRussa is using Twitter.

**Twitter is a free service that lets you keep in touch with people through the exchange of quick, frequent answers to one simple question: What are you doing? Join today to start receiving TonyLaRussa's updates.**

[ Join today! ]

Already using Twitter
from your phone? Click here.


## TonyLaRussa

1. Lost 2 out of 3, but we made it out of Chicago without one drunk driving incident or dead pitcher... I'd call that an I-55 series.8:01 PM Apr 19th from web
2. Fortunately, Ian Snell sucks now... when Molina and Duncan Jr. go deep off of you it's time to look yourself in the mirror, have an ice- ...3:33 PM Apr 8th from web
3. drinking a cold Zima and wishing fucking Hancock was alive, I bet he could've gotten Jack Wilson out.4:13 PM Apr 7th from web

- *Name Tony La Russa*
- *Location Tossing Pujols' salad*
- *Web http://madd.org*
- *Bio Parodies are fun for everyone.*

0 Following 4 Followers

- 3Updates
- Favorites

## Following

RSS feed of TonyLaRussa's updates



**Footer**

- © 2009 Twitter
- About Us
- Contact
- Blog
- Status
- Apps
- API
- Search
- Help
- Jobs
- Terms
- Privacy

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TWITTER, INC., a Delaware corporation, and DOES 1-25, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANTHONY LA RUSSA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 09.488101 |
|---|---|

SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street

San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory L. McCoy, CSB #063399      925-837-0585      925-838-5985
Gagen, McCoy, McMahon, Koss, Markowitz & Raines
279 Front Street
Danville, CA 94526

| DATE: MAY 6 - 2009 *(Fecha)* | GORDON PARK-LI Clerk, by *(Secretario)* Kathan C. Bautista | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

 Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Gregory L. McCoy, CSB #063399
Gagen, McCoy, McMahon, Koss, Markowitz & Raines
279 Front Street
Danville, CA 94526
TELEPHONE NO.: 925-837-0585   FAX NO.: 925-838-5985
ATTORNEY FOR (Name): Anthony La Russa

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCSICO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:

FOR COURT USE ONLY

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 6 ~ 2009

GORDON PARK-LI, Clerk
BY CRISTINA BAUTISTA
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-09-488101 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other-PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action (specify):

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 6, 2009

Gregory L. McCoy, CSB #063399
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |

CASE NUMBER: CGC-09-488101  ANTHONY LA RUSSA VS. TWITTER, INC A DELAWARE C(

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:     **OCT-09-2009**

TIME:     **9:00AM**

PLACE:    **Department 212**
          **400 McAllister Street**
          **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.



CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**EXHIBIT B**

1   RODGER R. COLE (CSB NO. 178865)
    rcole@fenwick.com
2   SONGMEE L. CONNOLLY (CSB NO. 228555)
    sconnolly@fenwick.com
3   LESLIE KRAMER (CSB NO. 253313)
    lkramer@fenwick.com
4   FENWICK & WEST LLP
    Silicon Valley Center
5   801 California Street
    Mountain View, CA 94041
6   Telephone: (650) 988-8500
    Facsimile: (650) 938-5200
7
    Attorneys for Defendant
8   TWITTER, INC.

9

10          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                IN AND FOR THE COUNTY OF SAN FRANCISCO

12

| | |
|---|---|
| 13   ANTHONY LA RUSSA, | Case No. CGC-09-488101 |
| 14                Plaintiff, | |
| 15          v. | **NOTICE OF REMOVAL TO FEDERAL** |
| 16   TWITTER, INC., a Delaware corporation, | **COURT BY DEFENDANT TWITTER, INC.** |
|     and DOES 1-25, inclusive, | |
| 17 | |
| 18                Defendant. | |

19

20   **TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,**

21   **COUNTY OF SAN FRANCISCO, PLAINTIFF ANTHONY LA RUSSA AND HIS**

22   **ATTORNEYS OF RECORD:**

23          PLEASE TAKE NOTICE that on June 5, 2009, Defendant Twitter, Inc. filed a Notice of

24   Removal of this action in the United States District Court for the Northern District of California.

25   A complete copy of the Notice of Removal is attached to this Notice, and is served and filed

26   herewith.

27   / / /

28   / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

NOTICE OF REMOVAL; CGC-09-488101

1  Dated:  June 5, 2009                          FENWICK & WEST LLP

2

3                                                By: _____

4                                                     Rodger R. Cole

5                                                Attorneys for Defendant
                                                 TWITTER, INC.
6

7
   25980/00401/LIT/1301189.1
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

2

NOTICE OF REMOVAL; CGC-09-488101