ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
KURT OPSAHL (191303)
KEVIN S. BANKSTON (217026)
JAMES S. TYRE (083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333; Fax: 415/436-9993

RICHARD R. WIEBE (121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: 415/433-3200; Fax: 415/433-6382

THOMAS E. MOORE III (115107)
tmoore@moorelawteam.com
THE MOORE LAW GROUP
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301
Telephone: 650/798-5352; Fax: 650/798-5001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAROLYN JEWEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SECURITY AGENCY, et al., <br><br> Defendants. | CASE NO. C-08-4373-VRW <br><br> **PLAINTIFFS' OPPOSITION TO INDIVIDUAL CAPACITY DEFENDANTS' MOTION FOR ADMINSTRATIVE RELIEF TO ENLARGE THE TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT** |

**ARGUMENT**

The Court should deny the last-minute motion—filed on April 3, 2009, their last day on which to respond to Plaintiffs' complaint—of all defendants sued in their individual capacity[1] requesting an indefinite extension of their time to respond to the complaint.[2] (Dkt. 22) In lieu of filing a responsive pleading by the deadline set by this Court's order (Dkt. 17), the individual defendants instead allude to the Government's assertion of the state secrets privilege and present an administrative motion asking this Court to issue what amounts to a stay pending the resolution of the Government defendants' motion (Dkt. 18), apparently including appeals. *See* Proposed Order (Dkt. 22-3).

A request for an indefinite extension of time to respond should be treated like what it is: a request for a stay of the action. The individual defendants' motion should be denied because they cannot meet the legal standard for a stay: "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983), *rev'd on other grounds*, 463 U.S. 1328 (1983) (noting the common language of the test for stay pending appeal and the test for a preliminary injunction, citing *Nevada Airlines, Inc. v. Bond*, 622 F.2d 1017, 1018 n.3 (9th Cir. 1980)).

In the Ninth Circuit, there are two legal tests for the issuance of a preliminary injunction: a showing of either "(1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000); *accord Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc); *Hoopa Valley Tribe v. Christie*, 812 F.2d 1097, 1102 (9th Cir. 1987). These tests are "not separate" but rather represent "the outer reaches 'of a single continuum.'" *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Moreover, "the less certain the

---

[1] George W. Bush, Richard B. Cheney, David S. Addington, Keith B. Alexander, Michael V. Hayden, John D. McConnell, John D. Negroponte, Michael B. Mukasey, Alberto R. Gonzales, and John D. Ashcroft.

[2] As the individual defendants themselves note, Plaintiffs have previously allowed them to file an unopposed motion for a sixty-day extension of their time to respond. (Dkt. 16).

district court is of the likelihood of success on the merits, the more [the movant] must convince the district court that the public interest and balance of hardships tip in their favor." *Southwest Voter Registration Education Project v. Shelley*, 344 F.3d 914, 918 (9th Cir.2003) (en banc, per curiam). When the public interest will be affected by a potential stay, "the public interest is a factor to be strongly considered." *Lopez v. Heckler*, 713 F.2d at 1432; *Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir. 1977).

As an initial matter, while the individual defendants have the burden to show that a stay is appropriate, their motion fails utterly to address the likelihood of the Government's success on the merits of its state secret argument. As this Court well knows, the state secrets privilege is not applicable here because the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1806(f), preempts the privilege. *In re National Security Agency Telecomm's Records Litig.* ("*NSA Litig.*"), 564 F.Supp.2d 1109 (N.D.Cal. 2008). Even the Government "recognize[s] the Court has addressed this issue in the *Al-Haramain* action and is unlikely to change its view." Dkt. 18 at 24.[3] Moreover, even if the state secrets privilege applies in some way, arguments virtually identical to the Government's state secret motion were made and rejected by this Court in *Hepting v. AT&T Corp.*, 439 F. Supp. 2d 974 (N.D.Cal. 2006).

However, for purposes of the present request for a stay, the Court need not resolve the Government's likelihood of success, because the individual defendants have shown neither irreparable harm nor any hardship to the individual defendants. To meet their burden, the individual defendant must show at least a "significant threat of irreparable injury, irrespective of the magnitude of the injury." *Activant Solutions, Inc. v. Wrenchead, Inc.*, 2004 WL 1887529 (N.D. Cal. 2004) (quoting *Dr. Seuss Enterprises, LP v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1397 n.1 (9th Cir. 1997)).

No such irreparable harm or hardship can be shown here because the motion is based on a single assertion: because the government has asserted the states secret privilege, "the individual

---

[3] Furthermore, the Plaintiffs are likely to show they are aggrieved persons under FISA. *NSA Litig.* at 1135. ("Plaintiff *amici* hint at the proper [aggrieved person] showing when they refer to 'independent evidence disclosing that plaintiffs have been surveilled' and a 'rich lode of disclosure to support their claims" in various of the MDL cases.'"); *see also* FRE 1006 Summary of Voluminous Evidence (MDL 06-1791 Dkt. No. 481).

capacity defendants have no access to information that is central to plaintiffs' allegations." Dkt. 22 at 3.

Responding to the complaint, however, does not require access to information held by other parties. To answer, the individual defendants need only plead their own knowledge. Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."). If they desire to move to dismiss, that motion must be directed to the legal sufficiency of the well-pled allegations in Plaintiffs' complaint.[4] Whichever course the individual defendants adopt at this stage in the litigation, a lack of access to information held by others is not relevant.

Moreover, the balance of hardships favors the Plaintiffs. "[T]he relative hardship to the parties" is a "critical element" in deciding at which point along the continuum a stay is justified, *Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937 (1979). Plaintiffs filed their complaint on September 18, 2008 and have already granted a long continuance to these defendants. The individual defendants have had more than enough time to prepare their response to the complaint, or to seek an enlargement of time if needed. Instead, however, those defendants waited until the day that their response was due to ask that they be allowed to refrain from filing a response indefinitely, until the Government defendants' motion to dismiss based on the state secrets privilege has been litigated to conclusion—without even a hint of an explanation for why it delayed this request until mere hours before the April 3 deadline ordered by this Court (Dkt. 18).

Although the individual defendants claim that "the United States' assertion of the state secrets privilege poses unique challenges to the individual capacity defendants in this case" (Dkt. 22 at 3), this purportedly unique challenge is neither unique nor a challenge, as prior litigation before this Court makes clear.

In *Hepting v. AT&T*, the private defendants AT&T Corp. and AT&T Inc. were able to (and did) file responsive pleadings simultaneous with the Government's motion to dismiss based on

---

[4] By failing to file their response by April 3, the personal capacity defendants have waived any potential defenses under Federal Rule of Civil Procedure 12(b)(2)-(5). Fed. R. Civ. P. 12(h)(1)(B)(i).

1   state secrets, and this Court was able to simultaneously consider and rule upon both the
2   Government's motion and AT&T Corp.'s motion without any apparent hardship for the Court or
3   any party. *Hepting v. AT&T Corp.*, *supra*; *see also e.g.* Verizon's Motion To Dismiss Plaintiffs'
4   Master Consolidated Complaint (MDL 06-1791 Dkt. 273). Accordingly, the individual defendants
5   here have failed to demonstrate the irreparable harm needed for a stay.

6   To the extent that the individual defendants contend that they must have access to or the
7   ability to present state secrets evidence in order to proceed with a motion to dismiss, they
8   misconceive the function of a motion to dismiss, which is to determine whether the facts, as
9   alleged, are sufficient to state a cause of action. Under the familiar standard for motions to dismiss,
10  a "complaint should not be dismissed unless 'it appears beyond doubt that the plaintiff can prove
11  no set of facts in support of his claim which would entitle him to relief.'" *McLain v. Real Estate*
12  *Bd. of New Orleans, Inc.*, 444 U.S. 232, 246 (1980) (citation omitted); *see also Warren v. Fox*
13  *Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003) (at pleading stage, plaintiffs "need
14  only show that the facts alleged, if proved, would confer standing upon him." (citations omitted)).

15  To the extent that the individual defendants intend to file an answer to the complaint, any
16  objection based on the state secrets privilege is not theirs to assert. Nevertheless, Plaintiffs have no
17  objection to the individual defendants initially filing a sealed answer (along with an appropriately
18  redacted public version) that would be treated pursuant to Section 1806(f) until such time as the
19  Court could determine if the stated concerns are valid. Such a procedure would also be permissible
20  under the state secret privilege doctrine. *Fitzgerald v. Penthouse Int'l, Ltd.*, 776 F.2d 1236, 1238,
21  n.312 (4th Cir. 1985) (advising courts to use "creativity and care" in devising procedures to
22  promote the ultimate resolution on the merits); *see also Halpern v. U.S.*, 258 F.2d 36, 43 (2nd Cir.
23  1958); *Loral Corp. v. McDonnell Douglas Corp.*, 558 F.2d 1130 (2nd Cir. 1977); *Spock v. U.S.,*
24  464 F. Supp. 510, 520 (S.D.N.Y. 1978) (endorsing creative solutions to manage state secret
25  privilege issues).

26  The individual defendants rely quite heavily on the fact that the plaintiffs in *Al-Haramain*
27  *Islamic Found., Inc. v. Obama*, (No 07-109 VRW (N.D. Cal.)) chose to stipulate that the individual
28  capacity defendants in that case would not be required to answer or respond to the *Al-Haramain*

plaintiffs' complaint until the issues raised by the Government's motion had been resolved. That reliance, however, is misplaced—Plaintiffs here have not stipulated to an indefinite stay. *Compare* Defendants' Unopposed Administrative Motion for an Extension of Time to Answer or Otherwise Respond to Complaint (Dkt. 16). Moreover, given the tremendous amount of time that has been spent on preliminary matters in *Al Haramain*, with little forward movement toward the merits in the past three years, that example demonstrates why a similar stay in this case would cause significant hardship to Plaintiffs.

Plaintiffs are eager to reach the merits of their case as soon as possible, and the individual defendants have offered no reason why both their motion and the Government's motion cannot proceed simultaneously, just as in *Hepting*. As this Court has seen in *Hepting* and *Al Haramain*, litigating to conclusion the Government's state secrets claims in this case may take several years. Staying Plaintiffs' claims against the individual defendants until that time will serve only to delay justice, and for no purpose. To the contrary, it will be most efficient for the individual defendants to either answer the Complaint, or file a motion to dismiss on the same schedule at the Government's motion. To the extent they move to dismiss, and an appeal from that motion is warranted, any appeal could move though the appellate system simultaneously, and thereby reduce any unnecessary delay.

Accordingly, because the individual defendants have failed to meet the legal standard for a stay of this litigation, the administrative motion must be denied, and the individual defendants should be required to respond to Plaintiffs' complaint forthwith.[5]

DATED: April 8, 2009

By       /s/
ELECTRONIC FRONTIER FOUNDATION
CINDY COHN
LEE TIEN
KURT OPSAHL
KEVIN S. BANKSTON
JAMES S. TYRE
454 Shotwell Street
San Francisco, CA 94110

---

[5] Plaintiffs have no objection to this Court providing the individual defendants with a reasonable time to finalize and file their responsive pleading, so long as any motion can be reasonably briefed by both parties and heard at the same time as the Government's motion to dismiss (June 25, 2009).

Case No. C-08-4373-VRW     -5-
RESPONSE TO INDIVIDUAL DEFENDANTS' ADMIN. MOTION

| | |
|---|---|
| 1 | Telephone: 415/436-9333 |
| 2 | 415/436-9993 (fax) |
| 3 | RICHARD R. WIEBE (121156)<br>LAW OFFICE OF RICHARD R. WIEBE |
| 4 | 425 California Street, Suite 2025<br>San Francisco, CA 94104 |
| 5 | Telephone: (415) 433-3200<br>Facsimile: (415) 433-6382 |
| 6 | THOMAS E. MOORE III (115107) |
| 7 | THE MOORE LAW GROUP<br>228 Hamilton Avenue, 3rd Floor |
| 8 | Palo Alto, CA 94301<br>Telephone: (650) 798-5352 |
|  | Facsimile: (650) 798-5001 |

Attorneys for Plaintiffs